UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 6:15-CR-37-GFVT-HAI |
| v. ) | |
| ) | RECOMMENDED DISPOSITION |
| ) | |
| JUSTIN GLENN CATER, ) | |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On April 21, 2017, Defendant Justin Glenn Cater filed a timely motion to vacate his sentence under 28 U.S.C. § 2255. D.E. 33. The government responded. D.E. 36. Cater replied. D.E. 38. For the reasons explained below, Cater's motion should be denied.

On January 26, 2016, Cater pleaded guilty (without a written plea agreement) to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). D.E. 22. At the hearing, he admitted that the government could prove the essential elements of the charge in the Indictment. He stated in his own words that he possessed a .22 revolver and that he had been previously convicted of a felony. He admitted that the government could prove beyond a reasonable doubt that he was caught possessing a firearm after fleeing from police in a vehicle on November 22, 2014.[1] By judgment entered May 27, 2016, Cater was sentenced to 96 months of imprisonment, consecutive to his undischarged state sentence. D.E. 30. Cater did not appeal.

The statute to which Cater pleaded guilty makes it unlawful for any person "who has

---

[1] In preparing this factual summary, the Court reviewed the audio recording of Cater's rearraignment, which is the official record of the proceeding.

1

been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year [to] possess in or affecting commerce, any firearm or ammunition." 18 U.S.C § 922(g)(1). Title 18, section 921(a)(3)(A) defines "firearm" as "any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive." 18 U.S.C. § 921(a)(3)(A).

In his § 2255 motion, Cater raises a single claim of ineffective assistance of counsel:

> Movant was denied his Sixth Amendment right to effective assistance of counsel when counsel failed to investigate, after being informed by Movant, the forensic matter that the handgun did not work because the firing pin was wore down, by subjecting the handgun to ballistics testing [which had not been done by the Government any time during the proceedings] that would have precluded the finding of the essential element of 18 U.S.C. Sec. 921 (a)(3) - (A) any weapon . . . which will . . . or may readily be converted to expel a projectile . . .; the worn down firing pin precluded the gun from expelling a projectile and could not have been readily converted or otherwise made operable to expel a projectile without having to totally disassemble the handgun and replace the hammer firing pin; a matter that counsel was required to pursue before engaging in any plea negotiations and that would have precluded any finding of Movant being guilty of being a felon in possession of a firearm as a matter of law under 18 U.S.C. Sec. 922(g)(1 ).

D.E. 33 at 4. Cater argues that because of the issue with the firing pin, the gun could not be "readily converted to expel a projectile." D.E. 38 at 1. He states that he "informed counsel that the handgun did not work because the firing pin was wore down." D.E. 38 at 3; *accord* D.E. 33 at 4. Yet he faults counsel for being "lazy" and conducting no "forensic testing" on the weapon. D.E. 38 at 3-4.

He argues that, because the gun was broken, the government could not have proven an essential element of the crime. *Id*. at 3-4. Cater argues that his counsel was thus ineffective for failing to investigate whether the firearm was "readily converted to expel a projectile" and use the fact that it was not "readily convert[able]" to challenge the indictment. *Id*. at 4-5.

2

**Legal Standards**

Section 2255 provides that a federal prisoner may seek habeas relief because his sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such a sentence, or the sentence exceeds the maximum authorized by law. 28 U.S.C. § 2255. To prevail on a § 2255 motion alleging constitutional error, a defendant must establish that the error had a "substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A § 2255 movant bears the burden of proving his or her allegations by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam).

The Court recognizes that Cater is proceeding *pro se*, without the assistance of an attorney. The Court construes *pro se* motions more leniently than other motions. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Castro v. United States*, 540 U.S. 375, 381-83 (2003).

A claim of ineffective assistance of counsel has two components. "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the second component, "the defendant must show that the deficient performance prejudiced the defense." *Id.* at 687.

To prove deficient performance, a defendant must show "that counsel's representation fell below an objective standard of reasonableness" as measured under "prevailing professional norms" and evaluated "considering all the circumstances." *Strickland*, 466 U.S. at 688. However, a reviewing court may not second-guess trial counsel's strategic decisions. *Moss v. Hofbauer*, 286 F.3d 851, 859 (6th Cir. 2002). Thus, "a court must indulge a strong presumption

3

that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (internal quotation marks omitted). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*.

In order to prove prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. When evaluating prejudice, courts generally must consider the "totality of the evidence." *Id*. at 695. To show prejudice in the guilty plea context, a movant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial." *Hodges v. Colson*, 727 F.3d 517, 534 (6th Cir. 2013) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)), *cert. denied sub nom. Hodges v. Carpenter*, 135 S. Ct. 1545 (2015), *reh'g denied*, 135 S. Ct. 2345 (2015).

A defendant has the burden of making both showings. *Strickland*, 466 U.S. at 687. However, "[w]hen deciding ineffective-assistance claims, courts need not address both components of the inquiry 'if the defendant makes an insufficient showing on one.'" *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004) (quoting *Strickland*, 466 U.S. at 697).

Germane to this case is the rule that "counsel cannot be ineffective for a failure to raise an issue that lacks merit." *Sutton v. Bell*, 645 F.3d 752, 755 (6th Cir. 2011) (quoting *Greer v.*

*Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)).

## Analysis

Cater's argument—that a handgun with a non-functional firing pin does not meet the definition of "firearm"—has already been considered and rejected by the Sixth Circuit. The defendant in *United States v. Yannott*, 42 F.3d 999 (6th Cir. 1994) argued that his sawed-off shotgun "was not a firearm as defined under federal law because its firing pin was broken and could not be readily repaired." *Id*. at 1002. The appellate court observed that "the law is clear that a weapon does not need to be operable to be a firearm." *Id*. at 1006 (collecting cases). Further, "there is no requirement that a defendant know how to restore a weapon in order for the weapon to be considered a firearm." *Id*. at 1007. Instead, "It is sufficient if the weapon was designed to expel a projectile or could readily be converted to do the same." *Id*.

The same argument was posited in *United States v. Butler*, 101 F. App'x 97, 98 (6th Cir. 2004), where the defendant argued "that the pistol seized from her did not meet the statutory definition of a firearm because the firing pin was broken, rendering the weapon inoperable." *Id*. at 98. The court relied on *Yannott*, which "concluded that a broken firing pin only temporarily alters a weapon's capability and does not so alter the weapon's design that it no longer serves the purpose for which it was originally designed." *Id*. (citing *Yannott*, 42 F.3d at 1006).

This case is not distinguishable on its facts from *Yannott* and *Butler*. These decisions by the Court of Appeals compel the same result. Assuming that the gun Cater admittedly possessed had a non-functional firing pin, this fact would not mean that the pistol failed to meet the statutory definition of a firearm because of its design. "[A] broken firing pin only temporarily alters a weapon's capability and does not so alter the weapon's design that it no longer serves the purpose for which it was originally designed." *Butler*, 101 F. App'x at 98. Because any defense

based on the broken firing pin would have been futile, counsel could not have been ineffective for failing to conduct further investigation into the matter. *Sutton*, 645 F.3d at 755. Nor was Cater prejudiced under the *Hill v. Lockhart* standard.

## Conclusion

Cater has not met his burden of establishing ineffective assistance of counsel. The undersigned therefore **RECOMMENDS** that his 28 U.S.C. § 2255 motion (D.E. 33) be **DENIED.**

Although Cater has requested an evidentiary hearing (D.E. 33 at 7), none is warranted. An evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *accord Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*.

Here, the record "conclusively show[s]" Cater is not entitled to relief, so no hearing is warranted. *Arredondo*, 178 F.3d at 782. Assuming that Cater's key factual allegation is true (*i.e.*, that "the handgun did not work because the firing pin was wore down," D.E. 38 at 3), he is entitled to no relief.

The undersigned further **RECOMMENDS** that no Certificate of Appealability should issue. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See also* Rule

11 of the Rules Governing Section 2255 proceedings. This standard is met if the defendant can show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). The Court has considered the issuance of a Certificate of Appealability as to Cater's claim. However, no reasonable jurist would find the assessments on the merits above to be wrong or debatable; thus, no Certificate of Appealability should issue.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 2nd day of August, 2017.

Signed By:
Hanly A. Ingram
United States Magistrate Judge