UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Crim No.: 6:15-cr-00037-GFVT-HAI-1 |
| | ) | Related Civ. No.: 6:17-cv-00110-GFVT-HAI |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| JUSTIN GLENN CATER, | ) | **&** |
| | ) | **ORDER** |
| Defendant/Petitioner. | ) | |

*** *** *** ***

This matter is before the Court on the Recommended Dispositions filed by United States Magistrate Judge Hanly A. Ingram. The Defendant, Justin Glenn Cater, first filed a *pro se* motion to vacate his sentence pursuant to 28 U.S.C. § 2255. [R. 33.] Judge Ingram reviewed the motion and prepared a Recommended Disposition. [R. 39.] Mr. Cater filed an objection to this recommendation. [R. 40.] The United States has not filed a response.

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the Recommended Disposition or else waive his rights to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007). A general objection that fails to identify specific factual or legal issues from the recommendation, however, is not permitted, since it duplicates the Magistrate's efforts and wastes judicial economy. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). When no objections are

made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Mr. Cater filed a timely objection to the initial Recommended Disposition. [R. 40.] The Court acknowledges its duty to review Mr. Cater's filings under a more lenient standard than the one applied to attorneys because he is proceeding *pro se*. *See Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985). Under this more lenient construction, the objection is sufficiently definite to trigger the Court's obligation to conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(c). The Court has satisfied that duty, reviewing the entire record, including the pleadings, the parties' arguments, relevant case law and statutory authority, as well as applicable procedural rules. For the following reasons, Mr. Cater's objection will be **OVERRULED**.

## I

Judge Ingram sets forth the factual and procedural background of the case in his initial Recommended Disposition. The Court mentions only key facts to frame its discussion and analysis, incorporating Judge Ingram's discussion of the record into this Order.

Mr. Cater was charged with one count of possession of a firearm by a convicted felon. [R. 1.] Afterwards, the Court appointed T. Hunter Payne to represent him. [R. 12.] With counsel's advice, Mr. Cater entered a guilty plea (without a written plea agreement), which Judge Ingram accepted on January 26, 2016. [R. 23.] At the hearing, Mr. Cater conceded that the government could establish the elements of the crimes charged in the Indictment. [R. 39.] Mr. Cater admitted that he was a convicted felon who possessed a .22 revolver. *Id.* He admitted

there was no reasonable doubt that he was caught in possession of said firearm after fleeing from police in a vehicle on November 22, 2014. *Id.* Accordingly, on May 27, 2016, Mr. Cater was sentenced to 96 months' imprisonment to run consecutively with his undischarged state sentence. [R. 30.]

On March 27, 2017, Mr. Cater filed his Motion to Vacate pursuant to § 2255, alleging one claim of ineffective assistance of counsel. [R. 33 at 4.] In conjunction, Mr. Cater requests an evidentiary hearing into this matter. *Id.* at 7. On August 2, 2017, Judge Ingram issued a Report and Recommendation, recommending Mr. Cater's claim be denied. [R. 39.] Mr. Cater objects to that recommendation. [R. 40.]

## II

As to the Motion to Vacate, Mr. Cater alleges ineffective assistance of counsel for his attorney's failure to investigate certain forensic evidence. [R. 33 at 4.] Judge Ingram thoughtfully considered the claim and this Court is in agreement with his conclusions. The Court now turns to Mr. Cater's single objection to the Report and Recommendation. The Court is obliged to conduct an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Under *Strickland v. Washington*, Mr. Cater must prove both deficient performance and prejudice to assert successfully an ineffective assistance of counsel claim. 466 U.S. 668, 687 (1984); *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

## A

Mr. Cater's only objection is to Judge Ingram's finding that the evidence satisfied the elements of the crime, 18 U.S.C. § 922(g)(1). [R. 40 at 3.] Specifically, Mr. Cater argues that "a handgun with a non-functional firing pin does not meet the definition of "firearm." 18 U.S.C. §

921(a)(3)(A); [R. 39 at 5.]  He is wrong.  A firearm is a firearm, whether functional or not.  *See United States v. Yannott*, 42 F.3d 999, 1006 (6th Cir. 1994); *United States v. Butler*, 101 F. App'x 97, 98 (6th Cir. 2004); *United States v. Alkufi*, 636 Fed. Appx. 323, 329 (6th Cir. 2016); *United States v. Bandy*, 239 F.3d 802, 805 (6th Cir. 2001); *see also United States v. Mack*, 258 F.3d 548, 552 (6th Cir. 2001).

Under similar circumstances, a defendant challenged his conviction because his gun's firing pin was broken, rendering the weapon incapable of firing.  *Yannott*, 42 F.3d at 1006.  The defendant argued that his weapon's dysfunctionality precluded § 922(g)(1) charges.  *Id.*  The Sixth Circuit disagreed and held that "[i]t is sufficient if the weapon was designed to expel a projectile or could readily be converted to the do the same."  *Id.* at 1007.  Mr. Cater's case is no different.  Section 921(a)(3)(A) includes weapons "designed to… expel a projectile."  18 U.S.C. § 921(a)(3)(A).  The plain language of the statute supports a conviction for inoperable firearms. 18 U.S.C. § 921(a)(3)(A).

Mr. Cater's attorney reasonably declined to pursue the meritless argument that he now advocates for.  Although the Court is sympathetic to overworked public defense programs, their lack of resources makes Mr. Cater's argument no more plausible.  He was properly charged as a felon in possession of a firearm in contravention of 18 U.S.C § 922(g)(1).  Having failed to establish deficient counsel, Mr. Cater cannot satisfy the *Strickland* standard.  As such, the record "conclusively show[s] that [Mr. Cater] is entitled to no relief," and the Court sees no reason to grant his request for an evidentiary hearing into this matter.  28 U.S.C. § 2255.

### III

After reviewing *de novo* the entire record, as well as the relevant case law and statutory authority, the Court agrees with Judge Ingram's thorough analysis of Mr. Cater's claim.  The

Court also denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) as to each issue asserted.  Under Rule 11 of the Federal Rules Governing § 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant . . . ."  Rules Governing Section 2255 Proceedings, Rule 11.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  As set forth by the United States Supreme Court, this standard requires the petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  See *Slack v. McDaniel,* 529 U.S. 473, 484; *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  Under this standard, the Court believes that this order, which adopts and incorporates by reference the Magistrate Judge's Recommendation, is not sufficiently debatable to issue a certificate of appealability.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1.      Defendant/Movant Justin Cater's Objection to the Recommended Disposition [**R. 40**] are **OVERRULED**;

2.      The Magistrate Judge's Recommended Disposition [**R. 39**] is **ADOPTED** as and for the Opinion of this Court;

3.      The Defendant's Motion to Vacate [**R. 33**] is **DISMISSED WITH PREJUDICE**;

4.      A Certificate of Appealability is **DENIED** as to all issues raised by the Defendant; and

5.      **JUDGMENT** in favor of the United States will be entered contemporaneously herewith.

This the 12th day of August, 2019.

Gregory F. Van Tatenhove
United States District Judge